**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALICIA CHAPMAN,

               Plaintiff,                                  CASE NO. 06-10126

v.                                             HON. LAWRENCE P. ZATKOFF

STATE OF MICHIGAN, MICHIGAN
DEPARTMENT OF HUMAN SERVICES,
a Subdivision of the State of Michigan,
GERALDINE SANDERS, an individual,
DEBORAH FRYE, an individual, AND
PORTIA GARLAND, an individual,

               Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 19, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion to Amend her complaint pursuant to

FED. R. CIV. P. 15(a). Plaintiff filed her motion on November 28, 2006 and Defendants responded

on December 4, 2006. The Court finds that the facts and legal arguments are adequately presented

in the parties' papers and the decision process would not be significantly aided by oral argument.

Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved

on the briefs submitted. For the following reasons, Plaintiff's Motion to Amend is DENIED.

**II.  BACKGROUND**

This case arises from alleged discrimination against Plaintiff at her place of employment.

Plaintiff filed her original complaint on January 6, 2006, against Defendant State of Michigan,

Department of Human Services ("DHS") and three of her DHS supervisors. The complaint contained the following three counts: count I alleged violations of 42 U.S.C. § 1983; count II alleged violations of the Civil Rights Act of 1964; and count III alleged violations of Michigan's Elliot-Larsen Civil Rights Act. The Court declined to exercise its supplemental jurisdiction over Plaintiff's state law claim and, consequently, dismissed count III of her complaint. Moreover, on November 7, 2006, the Court entered an order pursuant to the parties' stipulation voluntarily dismissing count I against all defendants and count II against Defendants Sanders, Frye, and Garland. Therefore, the only remaining claim before the Court is Plaintiff's Civil Rights Act claim against DHS. Plaintiff now seeks to amend her complaint to add a claim for hostile work environment and constructive discharge.

## III. DISCUSSION

### A. Legal Standard

The Court finds that Plaintiff's request is not properly brought under FED. R. CIV. P. 15(a) as the complaint cannot properly be amended to reflect events that occurred after its filing. Instead, such a motion should be brought under Rule 15(d) as a motion to file supplemental pleadings.

Rule 15(d) of the Federal Rules of Civil Procedure provides that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." FED. R. CIV. P. 15(d). The Court's discretion in granting or denying leave to supplement a pleading is similar to that under Rule 15(a) regarding amending pleadings. *See* 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 1504 (2d ed. 1990). The Supreme Court enunciated the

2

following standard when determining whether to grant leave to amend:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, the Court will liberally grant leave to file a supplemental pleading unless it finds the existence of factors such as undue delay, bad faith, undue prejudice, or that the amendment would be futile. With this standard in mind, Plaintiff's Motion for Leave to Amend her complaint is denied.

**B.  Application to the Present Case**

In the present case, Plaintiff seeks to amend her complaint to add a claim of hostile work environment. As noted, Plaintiff's original complaint contained claims alleging discrimination based on race. Plaintiff argues that the Court should grant her leave to add the new claim because it relates to facts that gave rise to the claims set forth in her original complaint. Plaintiff states that the amendment is necessary "[i]n order to reflect events occurring after the original pleading was filed ...." Pl.'s Mot. ¶ 7.

On April 8, 2005, Plaintiff was granted a request for a "Waived Rights Leave of Absence" until March 25, 2006, at which time her employment with the state would be terminated. Plaintiff states that she requested such leave because of the racially hostile work environment, which is also the basis of her discrimination claims. Because of the hostile environment, Plaintiff states she felt compelled to quit her job. Plaintiff now argues that her claim for hostile work environment and constructive discharge did not ripen until her leave of absence expired in March 2006, more than

3

2 months after she filed her original complaint.

Defendant DHS argues that Plaintiff's motion should be denied due to undue delay and bad faith. Defendant points out that the discovery deadline in this case was December 15, 2006 and that Plaintiff sought to amend her complaint on November 28, 2006. Furthermore, Plaintiff's leave of absence expired more than eight months before she sought leave to add the claim for hostile work environment and constructive discharge. Moreover, this claim had been, in Plaintiff's words, "ripe" for nearly four months at the time of the Court's scheduling conference on July 19, 2006, where the parties were specifically asked if they wished to amend their pleadings. Finally, Defendant asserts that Plaintiff's late motion to amend, coupled with her delays in answering discovery requests, evidences her bad faith in seeking to add the new claim.

The Court concludes that Plaintiff's request to amend her complaint should be denied because her delay in seeking to add the new claims is undue and would result in prejudice to Defendant. It is apparent that Plaintiff was aware of the factual basis for her the proposed additional claim at least eight months before she sought leave to amend and nearly four months before the Court's scheduling conference. In spite of this awareness, Plaintiff chose to wait until 17 days before the close of discovery to ask to add a new claim. The Court concludes that granting leave at this point would require the parties to reopen discovery and would cause prejudice to Defendant in terms of time and money. Moreover, granting leave would require the Court to further delay proceedings in this matter as the parties would not be able to comply with the current scheduling order, specifically the deadline for filing dispositive motions. Thus, contrary to Plaintiff's argument, there is more than mere delay involved in the present case.

Finally, while the pleading rules are liberal, the Court finds that allowing Plaintiff to add the

proposed claim under these circumstances would encourage parties to abuse the rules by unnecessarily prolonging proceedings in order to extract settlements or inflict hardships. Plaintiff can point to no reason to justify waiting until the close of discovery to add a claim which she knew about for eight months. Therefore, the Court finds that it is in the interest of justice to deny Plaintiff's request in this case.

## IV. CONCLUSION

The Court finds that the delay in this case is inconsistent with the principles of FED. R. CIV. P. 15(d) and is undue. Therefore,

IT IS ORDERED that Plaintiff's Motion for Leave to Amend is DENIED.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff_____
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  January 19, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 19, 2007.


s/Marie E. Verlinde_____
Case Manager
(810) 984-3290

5