**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALICIA CHAPMAN,

       Plaintiff,                              CASE NO. 06-10126

v.                                            HON. LAWRENCE P. ZATKOFF

STATE OF MICHIGAN, MICHIGAN
DEPARTMENT OF HUMAN SERVICES,
a Subdivision of the State of Michigan,
GERALDINE SANDERS, an individual,
DEBORAH FRYE, an individual, AND
PORTIA GARLAND, an individual,

       Defendants.
_____/

**ORDER TO DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(2)**

**I. INTRODUCTION**

This matter is before the Court upon Defendant Michigan Department of Human Services' ("DHS") Motion for Summary Judgment (Docket #30). Plaintiff has responded to this motion and filed a Motion for Voluntary Dismissal pursuant to FED. R. CIV. P. 41(a)(2) (Docket #36). Defendant has filed a response to Plaintiff's motion. For the following reasons, the Court grants Plaintiff's Motion for Voluntary Dismissal and denies Defendant's Motion for Summary Judgment.

**II. BACKGROUND**

This case arises from alleged reverse race discrimination against Plaintiff at her place of employment. Plaintiff filed her original complaint on January 9, 2006, against Defendant and three of her supervisors, Deborah Frye, Portia Garland and Geraldine Sanders. The complaint contained the following three counts: count I alleged violations of 42 U.S.C. § 1983; count II alleged violations of the Civil Rights Act of 1964; and count III alleged violations of Michigan's Elliot-Larsen Civil Rights Act. The Court declined to exercise its supplemental jurisdiction over Plaintiff's state law

claim and, consequently, dismissed count III of her complaint. Moreover, on November 7, 2006, the Court entered an order pursuant to the parties' stipulation voluntarily dismissing count I against all defendants and count II against Defendants Sanders, Frye, and Garland. Plaintiff then filed a suit in Oakland County circuit court based on the Michigan Civil Rights Act against Defendant DHS and the individual Defendants.

On January 19, 2007, the Court denied a motion to amend the complaint to add a claim of hostile work environment. Therefore, the only remaining claim before the Court is Plaintiff's Civil Rights Act claim against DHS. Plaintiff's state court action is premised on the same facts and circumstances as the sole claim remaining before the Court. Plaintiff, having been unable to gain Defendant's agreement to dismiss the case under Rule 41(a)(1), now seeks an order from the Court to dismiss the case pursuant to Rule 41(a)(2).

### III.  DISCUSSION

Rule 41(a)(2) of the Federal Rules of Civil Procedure states that "[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such term sand conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). Furthermore, "[u]nless otherwise specified in the order, a dismissal under this paragraph is without prejudice." *Id.*

Whether dismissal under Rule 41(a)(2) should be granted is within the Court's discretion. *See Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). The primary purpose of requiring court approval is to protect the nonmoving party from unfair treatment. *See Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Generally, it will be an abuse of the trial court's discretion to grant a motion under Rule 41(a)(2) where the dismissal results in

"plain legal prejudice." *See id.* In determining whether a defendant would be prejudiced by a voluntary dismissal, the Court considers "such factors as the defendant's effort and expense and preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*

Based on the procedural history of this case, the Court finds that a dismissal pursuant to Rule 41(a)(2) is appropriate. All of Plaintiff's claims are based on the same set of underlying facts. Therefore, efficiency demands that Plaintiff's claims be dealt with in as few actions as possible. Given the Court's refusal to extend its supplemental jurisdiction to Plaintiff's state law claims, Plaintiff was forced to pursue her claims in multiple actions through no fault of her own. As a result, Plaintiff sought to go forward with her claim in state court. Furthermore, the Court does not find that there has been any excessive delay in prosecuting this action. Based on these facts, the Court concludes that it is in the interests of efficiency and justice that Plaintiff's claims be litigated in one action.

In reaching this conclusion, the Court is mindful of Defendant's interests as well. Defendant has been involved in this litigation for over a year and has completed discovery. Defendant has also filed a motion for summary judgment. However, the Court finds that Defendant will not be significantly prejudiced if Plaintiff proceeds with her claim in state court rather than federal court. Plaintiff's action in state court is based on the same facts as the current action in federal court and, therefore, Defendant will not be forced to undergo duplicative discovery or be subject to unfair surprise. Moreover, after a review of the filings regarding Defendant's Motion for Summary Judgment, the Court believes that the conflicting evidence on record makes the existence of factual

issues likely. Consequently, this is not a case where Defendant will be denied a certain victory, and Defendant will not be unduly prejudiced if it is required to make present its arguments before a state court.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Voluntary Dismissal is GRANTED and Defendant's Motion for Summary Judgment is DENIED. Accordingly,

IT IS ORDERED that Plaintiff's claim under Title VII of the Civil Rights Act of 1964 is HEREBY DISMISSED pursuant to FED. R. CIV. P. 41(a)(2).

IT IS SO ORDERED.


                                                                   s/Lawrence P. Zatkoff  
                                                                   LAWRENCE P. ZATKOFF  
                                                                   UNITED STATES DISTRICT JUDGE

Dated:  March 12, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 12, 2007.

                                                                   s/Marie E. Verlinde  
                                                                   Case Manager  
                                                                   (810) 984-3290